IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

PHILLIP A. WARD,                )
                                )
        Petitioner,             )
                                )
v.                              )     Civil Action Nos. 3:17-04605
                                )
RALPH TERRY,                    )
                                )
        Respondent.             )

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 2), filed on December 20, 2017. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court dismiss Petitioner's Section 2254 Petition (Document No. 2) as successive.

**PROCEDURAL HISTORY**

**A.     Criminal Action No. 87-F-61:**

On October 20, 1987, following a jury trial, Petitioner was convicted of one count of murder in the first degree without a recommendation of mercy and one count of aggravated robbery. State v. Ward, 188 W.Va. 380, 424 S.Ed.725 (1991). By Order entered on February 25, 1988, the Circuit Court sentenced Petitioner to life imprisonment without parole. Id. Petitioner filed his direct appeal asserting the following errors: (1) The trial court committed reversible error

by refusing to permit testimony from petitioner's rebuttal witness; (2) Petitioner was denied a fair trial because the State failed to disclose exculpatory evidence; and (3) The jury voir dire by the trial court, with defense counsel's acquiescence, was so deficient as to have denied the petitioner an impartial jury. Id. By Opinion entered on July 29, 1991, the West Virginia Supreme Court of Appeals ("WVSCA") affirmed Petitioner's conviction. Id.; State v. Ward, 188 W.Va. 380, 424 S.E.2d 725 (1991).

**B.     First State *Habeas* Proceeding:**

On December 1, 1993, Petitioner filed a Petition for Writ of *Habeas Corpus* in the WVSCA seeking to have DNA testing of any forensic evidence still available in his underlying criminal case based upon the involvement of West Virginia State Police Serologist Fred Zain. Terry v. Ward, 240 W.Va. 63, 87 S.Ed.2d 311 (2017);[1] (Civil Action No. 3:05-00705, Document No. 2-1.) On December 8, 1993, the WVSCA remanded the matter to the Circuit Court of Cabell County for proceedings consistent with Zain I.[2] Id. The Circuit Court appointed counsel to represent Petitioner in his *habeas* proceedings. Id. Petitioner asserted the following grounds for *habeas* relief:

1.     The Circuit Court erred in denying Petitioner a new trial in light of testimony offered by Fred Zain.

---

[1] In his instant Petition, Petitioner indicates that the following State *habeas* proceedings were consolidated: 92-C-41, 92-C-2815, and 93-C-2557. (Civil Action 3:17-04605, Document No. 2, p. 3.) The undersigned adopts the procedural history set forth in the WVSCA's opinion in *Terry v. Ward*, 240 W.Va. 63, 807 S.Ed.2d 311 (2017).

[2] In *Zain I*, the WVSCA recognized that serology evidence presented by Fred Zain from 1979 to 1989 may have been tainted. *In re West Virginia State Police Crime Lab, Serology Div. (Zain I)*, 190 W.Va. 321, 438 S.E.2d 501(1993). In *Zain II*, the WVSCA held that defendant could only challenge the West Virginia State Police Crime Lab's evidence if Fred Zain was directly involved in the case. *In re West Virginia State Police Crime Lab, Serology Div. (Zain II)*, 191 W.Va. 224, 445 S.Ed.2d 165 (1994).

2. The Circuit Court erred in not finding that trial counsel was ineffective.

3. Comments by the Prosecutor in closing argument inferred to the jury that petitioner was guilty because he did not testify.

4. The [Petitioner] was denied a fair trial because the State failed to disclose exculpatory evidence to him.

5. Jury voir dire by the trial court, with defense counsel's acquiescence, was so deficient as to have denied the [Petitioner] a trial by an impartial jury.

6. The trial court committed reversible error by its refusal to permit the [Petitioner's] rebuttal witness to testify.

(Civil Action No. 3:05-00705, Document No. 2-1, pp. 23, 28.) On April 22, 1994, the Circuit Court ordered the re-testing of any evidence in the criminal trial being disputed under Zain I. Ward, 807 S.E.2d at 316. The re-testing was conducted by Roche Biomedical Laboratories ("Roche Labs") and a report was issued on December 1, 1994.[3] Id. An omnibus hearing was conducted on March 28, 1996. (Civil Action No. 3:97-01107, Document No. 27, p. 1.) At the omnibus hearing, the parties agreed to submit affidavits in lieu of testimony from three technical experts: Ted Smith (who was involved in the original DNA testing); Dr. Bing; and Marcia Eisenberg. Ward, 807 S.E.2d at 316. In their Affidavits, Smith and Eisenberg affirmed that the DNA testing and results obtained did not differ in any way or contradict any of the matters to which Zain testified.[4] Id. In Dr. Bing's Affidavit (Petitioner's expert), he indicated that the DNA results were not inconsistent

---

[3] In his State *habeas*, Petitioner argued that he was entitled to a new trial because the re-testing results of Roche Labs constituted newly discovered evidence. The re-testing by Roche Labs, however, revealed findings consistent with the original findings in the case. The re-testing included both the victim and Petitioner as possible donors of DNA found on the money. Additionally, it was noted that original DNA testing in the case was conducted by either Sergeant Smith or Trooper Myers, and Zain only testified as to the results.

[4] In the underlying criminal trial, Zain testified to testing that had been performed by Troopers Smith and Myers.

3

with the findings that Zain testified to in the underlying criminal trial. Id. By Opinion Order entered on June 13, 1996, the Circuit Court denied Petitioner's *habeas* petition on the merits. (Id., Document No. 2-1, p. 24.) Specifically, the Circuit Court determined that the expert testimony did not contradict the work of Smith or Myers regarding the DNA evidence on the money at issue, or the testimony of Zain as to those findings. Ward, 807 S.Ed.2d at 317. The Circuit Court further determined that even excluding the serology evidence and Zain's testimony, "there was sufficient additional evidence to convince reasonable minds beyond a reasonable doubt of the guilt of the Petitioner." Id. Petitioner filed a petition for appeal with the WVSCA, which was refused on March 17, 1997. (Civil Action No. 3:97-01107, Document No. 27, pp. 24 and 80.)

**C.     First Section 2254 Petition:**

On November 13, 1997, Petitioner, proceeding *pro se*, filed his first Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. Ward v. Trent, Civil Action No. 3:97-01107 (S.D.W.Va. Aug. 17, 1998); (Civil Action No. 3:05-00705, Document No. 2-1, pp. 22 - 33.) In his Petition, Petitioner alleged the following grounds for *habeas* relief:

1. The State failed to disclose exculpatory evidence;

2. The jury was selected an impaneled in violation of his due process and equal protection rights;

3. The trial court violated his Sixth Amendment right to present witnesses when it refused to allow his uncle's testimony;

4. Petitioner's attorney's performance fell below the Sixth Amendment standard for effective assistance of counsel;

5. Petitioner's due process rights were violated by the testimony of state serologist Fred Salem Zain;

6. The "newly discovered" evidence cast doubt upon the veracity of other police officers who participated in the investigation of the crime for which

4

Petitioner was convicted. (Civil Action No. 3:97-01107, Document No. 27.) On March 24, 1998, the Respondent filed its Answer and Motion for Summary Judgment. (Id., Document Nos. 18 and 19.) Petitioner filed his Responses in Opposition and a Memorandum in Support. (Id., Document Nos. 21 – 23.) Respondent filed a Reply on May 6, 1998. (Id., Document No. 24.) By Memorandum Opinion and Order entered on August 17, 1998, United States District Judge Robert C. Chambers granted Respondent's Motion for Summary Judgment and denied Petitioner's Section 2254 Petition. (Id., Document No. 27 and 28.)

Petitioner filed his Notice of Appeal on August 24, 1998. (Id., Document No. 29.) In his appeal, Petitioner argued as follows: (1) The District Court erred in applying its standard of review; (2) The District Court erred in finding that Petitioner failed to present a colorable Brady violation; (3) The District Court erred by failing to "consider the collateral effect of all undisclosed evidence in one joint habeas corpus;" and (4) The District Court erred in accepting the state court's determination that his counsel was not ineffective. Id. By Per Curiam Opinion entered on August 23, 1999, the Fourth Circuit Court of Appeals affirmed the District Court's order as to Petitioner's claims regarding the serology evidence, and denied a certificate of appealability and dismissed as to the remaining claims.[5] Ward v. Trent, 188 F.3d 505 (4th Cir. 1999). The United States Supreme Court denied Petitioner's petition for writ of certiorari on April 3, 2000. Ward v. Trent, 529 U.S.

---

[5] The Fourth Circuit stated that "[w]hile the serology evidence was no doubt compelling, we find that the above-detailed evidence presents a clear picture of guilt beyond doubt, and that there is no reasonable likelihood that the jury could have acquitted had it received only this foregoing account of events. The addition of the serology evidence serves only to remove all doubt from the issue, a burden that the state need not carry in order to convict."

5

1055, 120 S.Ct. 1560, 146 L.Ed.2d 464 (2000). On May 22, 2000, the United States Supreme Court denied Petitioners petition for rehearing. Ward v. Trent, 529 U.S. 1145, 120 S.Ct. 2034, 146 L.Ed.2d 977 (2000).

**D.     Second State *Habeas* Proceeding:**

On April 17, 2002, Petitioner filed another Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County. Ward, 807 S.E.2d at 317. As grounds for *habeas* relief, Petitioner argued ineffective assistance of counsel. Id. Specifically, Petitioner argued that counsel was ineffective in failing to raise the issue that Zain presented perjured testimony because Zain did not perform the serology testing. Id. Petitioner stated that there was newly discovered evidence based on the fact that Sergeant Smith and Trooper Myers did the serology testing. Id. The State filed a Motion to Dismiss arguing that Petitioner's "newly discovered evidence" had already been presented to the Courts. Id. at 318. By Order entered on November 15, 2002, the Circuit Court denied Petitioner's request for *habeas* relief finding that Petitioner failed to show the existence of "newly discovered evidence" and that such evidence would have changed the outcome of his trial. Id. The Circuit Court further noted that it had already "determined that the independent testing performed by Roche and CBR did not contradict the test results introduced in the original trial, but that even excluding said evidence in its entirety, that there existed sufficient additional evidence to convince reasonable minds beyond a reasonable doubt of the guilt of the Petitioner." Id.

**E.     Third State *Habeas* Proceeding:**

On July 1, 2004, Petitioner filed another Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County. Ward, 807 S.E.2d at 318. As grounds for *habeas* relief, Petitioner argued that *habeas* counsel was ineffective in failing argue that the State knowingly presented perjured

6

testimony by Zain. Id. By Order entered on January 6, 2005, the Circuit Court denied Petitioner's *habeas* petition noting that the "Zain issue was fully and finally adjudicated after an exhaustive hearing on the merits in Civil Action No. 93-C-2557." Id.

**F.      Motion for Permission to File Second Section 2254 Petition:**

On August 30, 2005, Petitioner filed in this Court a "Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255." (Civil Action No. 3:05-cv-00705, Document No. 2.) By Order entered on September 2, 2005, United States Magistrate Judge Maurice G. Taylor, Jr., directed the Clerk to forward Petitioner's above Motion to the Fourth Circuit Court of Appeals and stayed the action pending resolution of the Motion by the Fourth Circuit. (Id., Document No. 6.) By Order entered on October 3, 2005, the Fourth Circuit denied Petitioner's Motion Pursuant to 28 U.S.C. § 2244 for Authorization to File a Successive Application for Habeas Relief. (Id., Document No. 7.)

**G.      Fourth State *Habeas* Proceeding:**

On July 6, 2006, Petitioner filed another Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County requesting review under Zain III.[6] Ward, 807 S.E.2d at 318. By Order entered on November 20, 2007, the Circuit Court summarily denied Petitioner's *habeas* petition requesting review under Zain III. Id.

---

[6] On June 16, 2006, the West Virginia Supreme Court of Appeals determined that a special *habeas corpus* proceeding should be provided to State prisoners against who serologists, other than Trooper Fred Zain, had offered evidence. *In the Matter of Renewed Investigation of State Police Crime Laboratory, Serology Div.*, 219 W.Va. 408, 633 S.Ed.2d 762 (2006)("*Zain III*"). Specifically, the West Virginia Supreme Court held that "a prisoner against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence and who challenges his or her conviction based on the serology evidence is to be granted a full habeas corpus hearing on the issue of the serology evidence. Id. at 769.

7

### H. Fifth State *Habeas* Proceeding:

On November 25, 2008, Petitioner filed another Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County. Ward, 807 S.E.2d at 318. As grounds for *habeas* relief, Petitioner challenged his conviction based upon serology testing related to Zain, ineffective assistance of counsel, and a Zain III challenge. Id. By Order entered on February 10, 2009, the Circuit Court denied Petitioner's *habeas* petition. Id. Specifically, the Circuit Court determined as follows: (1) In a prior order, the Court had made "extensive findings of fact and law with reference to each and every ground raised by Petitioner;" (2) Petitioner was represented by "highly qualified, trial experienced, capable attorneys;" (3) Two independent laboratories re-examined the DNA evidence and "[e]rror could not be shown to exist sufficient to raise a doubt as to its reliability;" and (4) Even without considering the serology evidence, "there remained more than enough evidence to convince a jury of the defendant's guilt." Id. Petitioner filed a petition for appeal, but the WVSCA refused his petition. Id.

### I. Sixth State *Habeas* Proceeding:

On April 22, 2010, Petitioner filed another Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County. Ward, 807 S.E.2d at 319. As grounds for *habeas* relief, Petitioner argued that he was entitled to a Zain III hearing because Zain offered "prejudicially tainted and misleading trial testimony, based on evidence developed by other serologist at the laboratory." Id. The Circuit Court appointed counsel and an Amended Petition was filed by counsel asserting that "the subsequent testing of the $20.00 bill found in the AEP deposit box and the $1.00 bill found in the backpack show that the blood characteristics assigned to those bills by Trooper Smith and Trooper Myers, and testified to by Trooper Zain, are inaccurate and therefore tainted and,

8

therefore, constitute newly discovered evidence." Id. In Response, the State argued that the above issue had been raised and addressed in Petitioner's previous *habeas* proceeding (93-C-2557). Id. The State further argued that the serology testing was not false. Id. The State explained that the re-testing report from Roche Labs was wholly consistent and corroborative of the State's original testing and testimony by Zain. Id. On October 30, 2015, the Circuit Court conducted a full omnibus hearing wherein it heard testimony from Jim Scheidler, Ted Smith, and Brent Myers.[7] Id. By Order entered on September 29, 2016, the Circuit Court granted Petitioner's *habeas* petition, vacated his underlying conviction, and ordered a new trial. Id. at 320.

The State appealed the Circuit Court's decision arguing that the Circuit Court erred by finding that DNA evidence proved that the serology evidence was false, and that the DNA evidence was "newly discovered evidence." Id. at 320-21. By Opinion entered on November 9, 2017, WVSCA reversed the decision of the Circuit Court after finding that Petitioner failed to establish that the serology evidence was false and "failed to offer any new evidence that demonstrated that the serology evidence was false." Id. at 322-32. The WVSCA stressed that "the evidence offered at both the omnibus hearing in 1996 and again in 2015 was the same,"[8] but with different circuit court judges presiding over the proceedings. Id. at 322. The WVSCA determined that "[a]ll the circuit court did was re-evaluate the evidence previously adjudicated and make a different findings and conclusions." Id. Finally, the WVSCA determined that the Circuit Court completely failed to

---

[7] The WVSCA noted that, of significance, the focus of the omnibus hearing was the Roche Labs' report that was issued on December 1, 1994, "the exact report that was the subject of the 1996 habeas proceeding."

[8] The WVSCA noted that Petitioner could have satisfied the first *Frazier* factor "[i]f this habeas proceeding were the first time the serology evidence had been subjected to DNA testing or if the serology evidence had undergone additional DNA testing as part of the 2015 omnibus proceeding."

9

consider "the determinations previously made by the circuit court, albeit a different judge, and the federal courts that even if the serology evidence and Mr. Zain's testimony were excluded, there was sufficient evidence to convict Respondent Ward beyond a reasonable doubt." Id. at 323. Accordingly, the WVSCA reversed the decision of the Circuit Court and remanded the case for reinstatement of Petitioner's conviction and sentence. Id.

**J.      Second Section 2254 Petition:**

On December 20, 2017, Petitioner, acting *pro se*, filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[9] (Civil Action No. 3:17-04605, Document No. 2.) In his Petition, Petitioner alleges the following grounds for *habeas* relief:

1. Ineffective Assistance of Counsel: Petitioner did not testify at his trial, Petitioner's attorney (Mr. Stolze) did not object to the Prosecutor's remark at Petitioner's trial in closing statements.

2. Prosecutorial Misconduct: Petitioner alleged that the prosecutorial misconduct claim/remark was a comment on Petitioner's decision to testify at his trial in closing argument.

(Id., pp. 5 - 7.) On June 20, 2018, Petitioner filed additional documentation in support of his Petition. (Document No. 20.) Specifically, Petitioner attaches a document arguing that it is "impossible to obtain reliable results on fabricated [evidence] testified to by corrupt West Virginia State Police Crime Laboratory staff." (Id.) Petitioner states that he was denied his Sixth Amendment right to confront a witness because Zain testified to work performed by Troopers Smith and Meyers. (Id.)

---

[9] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## **ANALYSIS**

The undersigned finds that Petitioner's instant Section 2254 Petition should be deemed to constitute a second or successive Section 2254 application and dismissed. The record reveals that Petitioner filed his first Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on November 13, 1997. Ward v. Trent, Civil Action No. 3:97-01107 (S.D.W.Va. Aug. 17, 1998). A subsequent petition is considered to be successive if the first petition was dismissed on the merits. Slack v. McDaniel, 529 U.S. 473, 485-89, 120 S.Ct. 1595, 1604-07, 146 L.Ed.2d 542 (2000); Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002), *abrogated on other grounds by* Skinner v. Switzer, 562 U.S. 1289, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). By Memorandum Opinion and Order entered on August 17, 2012, District Judge Chamber's addressed the merits of Petitioner's claims and denied Petitioner's Petition. (Civil Action No. 3:97-01107, Document Nos. 27 and 28.) Since Petitioner's prior Section 2254 was dismissed on the merits, any subsequent Section 2254 Petition constitutes a successive petition.

Title 28 U.S.C. § 2244(b) provides as follows:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application should be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless - -

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

11

>convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). Petitioner appears to claim that Zain III entitles him to a successive federal *habeas* proceeding. (Document No. 2, p. 13.) In Zain III, the WVSCA enacted special *habeas corpus* procedures[10] for a state defendant convicted between 1979 and 1999, who wished to challenge his or her conviction based on serology evidence from a West Virginia State Police Crime Laboratory serologist, other than Fred Zain. Zain III, 219 W.Va. at 409, 633 S.E.2d at 763. Zain III, however, cannot provide grounds for Petitioner's successive Section 2254 petition. See Hicks v. Ballard, 2010 WL 6230434, * 17 (S.D.W.Va. Nov. 15, 2010)(finding that *Zain III* is a state court decision as a matter of state law and "[t]his federal court is bound by the state's highest court's decision that Petitioner's claim that *Zain III* claim did not warrant review."); Markley v. Ballard, 2009 WL 2027109, * 8 (N.D.W.Va. July 7, 2009)("[T]he additional state habeas procedures prescribed by *Zain III* cannot provide grounds for relief under 28 U.S.C. § 2254, as it

---

[10] In Syllabus Point 4 of *Zain III*, the WVSCA set forth the following procedure:
>A prisoner against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence and who challenges his or her conviction based on the serology evidence is to be granted a full habeas corpus hearing on the issue of the serology evidence. The prisoner is to be represented by counsel unless he or she knowingly and intelligently waives that right. The circuit court is to review the serology evidence presented by the prisoner with searching and painstaking scrutiny. At the close of the evidence, the circuit court is to draft a comprehensive order which includes detailed findings as to the truth or falsity of the serology evidence and if the evidence is found to be false, whether the prisoner has shown the necessity of a new trial based on the five factors set forth in the syllabus of *State v. Fraizer*, 162 W.Va. 935, 253 S.E.2d 534 (1979).

*Zain III*, 219 W.Va. at 409, 633 S.E.2d at 763.

is not based upon federal law or federal constitutional requirements.") Clearly, Section 2244(b)(2)(A) does not apply because the ruling in Zain III is not a new rule of constitutional law made retroactive by the United States Supreme Court. Further, Petitioner makes no argument under Section 2244(b)(2)(B)(i) that the factual predicate for his current claims could not have been previously discovered through the "exercise of due diligence" and those facts "establish by clear and convicting evidence that, but for constitutional error, no reasonable factfinder" would have found Petitioner guilty. To the extent Petitioner may be relying upon his claim that Zain testified as to serology evidence performed by Troopers Smith and Myers, the record clearly reveals that the factual predicate for such was known, or could have been discovered through the exercise of due diligence, at the time Petitioner filed his first Federal *habeas* petition. See Terry v. Ward, 807 S.E.2d at 319-22(finding that petitioner's alleged "new evidence" was the same evidence as was considered in his first state *habeas* proceeding in 1996 and then by the federal courts). The undersigned, therefore, finds that Petitioner's instant Petition is successive and Petitioner has failed to satisfy any of the exceptions under Section 2244(b)(2).

Furthermore, Section 2244(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). Petitioner has provided no evidence that he obtained authorization from the Fourth Circuit to file a successive Section 2254 petition. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") Accordingly, the undersigned finds that this matter must be deemed to constitute a second or successive Section

13

2254 petition and dismissed pursuant to 28 U.S.C. § 2244(b) because Petitioner has not obtained the authorization of the Fourth Circuit Court of Appeals to proceed with his claims in the District Court. Based upon the foregoing, the undersigned respectfully recommends that Petitioner's Petition be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 2) as successive, and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Chambers, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same to Petitioner and counsel of record.

Dated: August 3, 2018.

_____
Omar J. Aboulhosn
United States Magistrate Judge