# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

PHILLIP A. WARD,

    Petitioner,

v.                                           CIVIL ACTION NO. 3:17-4605

RALPH TERRY,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before this Court is Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 2. Pursuant to a standing order issued under 28 U.S.C. § 636(b)(1)(B), this action was referred to United States Magistrate Judge Omar J. Aboulhosn for proposed findings of fact and recommendation for disposition. *Standing Order*, ECF No. 4. On August 3, 2018, the Magistrate Judge submitted proposed findings and recommended that this Court dismiss Petitioner's § 2254 Petition as successive. *Proposed Findings and Recommendation*, ECF No. 21. Petitioner now objects to the findings and recommendation. *Objections to Proposed Findings and Recommendations*, ECF No. 23 [hereinafter *Objections*]. For the reasons below, the Court denies Petitioner's objections, adopts the proposed findings and recommendations of Magistrate Judge Aboulhosn, and dismisses this matter from the Court's docket.

## I. Background

The procedural background of this case is lengthy, and therefore while the Court will not detail the complete procedural history,[1] the Court will provide a summary of the history that is relevant to the Petition currently before it. On October 20, 1987, following a jury trial, Petitioner was convicted of one count of murder in the first degree without a recommendation of mercy and one count of aggravated robbery. *State v. Ward*, 424 S.E.2d 725, 726 (W. Va. 1991). By Order entered on February 25, 1988, the Circuit Court sentenced Petitioner to life imprisonment without parole. *Id.* at 726. Petitioner filed his direct appeal asserting the following errors: (1) the trial court committed reversible error by refusing to permit testimony from Petitioner's rebuttal witness; (2) Petitioner was denied a fair trial because the State failed to disclose exculpatory evidence; and (3) the jury voir dire by the trial court, with defense counsel's acquiescence, was so deficient as to have denied the Petitioner an impartial jury. *Id.* at 727. By Opinion entered on July 29, 1991, the West Virginia Supreme Court affirmed Petitioner's conviction. *Id.*

On November 13, 1997, Petitioner, proceeding *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody with this Court. *Ward v. Trent*, Civil Action No. 3:97-01107. In this Petition, Petitioner alleged multiple grounds for habeas relief, including the fact that his attorney's performance fell below the Sixth Amendment standard for effective assistance of counsel. *Id.*, ECF No. 1. On March 24, 1998, the Respondent filed its Answer and Motion for Summary Judgment. *Id.*, ECF No. 18. Petitioner filed his Responses in Opposition and a Memorandum in Support in April of 1998. *Id.*, ECF Nos. 21–23. Respondent filed a Reply on May 6, 1998. *Id.*, ECF No. 24. By Memorandum Opinion and Order entered on

---

[1] For a complete overview of the procedural history, review the Proposed Findings and Recommendations of Magistrate Judge Aboulhosn. *Proposed Findings and Recommendation*, at 1–10.

August 17, 1998, this Court granted Respondent's Motion for Summary Judgment and denied Petitioner's § 2254 Petition. *Id.*, ECF Nos. 27–28.

Petitioner filed his Notice of Appeal on August 24, 1998. *Id.*, ECF No. 29. In his appeal, Petitioner argued the following: (1) the District Court erred in applying its standard of review; (2) the District Court erred in finding that Petitioner failed to present a colorable Brady violation; (3) the District Court erred by failing to "consider the collateral effect of all undisclosed evidence in one joint habeas corpus;" and (4) the District Court erred in accepting the state court's determination that his counsel was not ineffective. *Id.* By Per Curiam Opinion entered on August 23, 1999, the Fourth Circuit Court of Appeals affirmed the District Court's order as to Petitioner's claims regarding the serology evidence and denied a certificate of appealability and dismissed as to the remaining claims. *Ward v. Trent*, No. 98-cv-7267, 1999 WL 638606, at *13 (4th Cir. Aug. 23, 1999). The United States Supreme Court denied Petitioner's petition for writ of certiorari on April 3, 2000. *Ward v. Trent*, 529 U.S. 1055 (2000). On May 22, 2000, the United States Supreme Court denied Petitioner's petition for rehearing. *Ward v. Trent*, 529 U.S. 1145 (2000).

## II. Standard of Review

This Court must "make a *de novo* determination of those portions of the ... [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see e.g.*, *Berry v. Colvin*, No. 14-9859, 2015 WL 1506128, at *1 (S.D. W. Va. Mar. 31, 2015).

## III. Discussion

If a petitioner previously filed a habeas corpus petition pursuant to § 2254 the petitioner must obtain authorization from the Fourth Circuit before filing a second habeas corpus petition pursuant to § 2254 with this District Court. *See* 28 U.S.C. § 2244(b)(3)(A). If authorization is not

obtained from the Fourth Circuit before the second petition is filed, then this Court does not have the jurisdiction to consider *any claim* in the second petition if the second petition contains a repetitive claim. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Here, it is undisputed that Petitioner previously filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in November of 1997. Included in this Petition from 1997 was a claim for relief based upon ineffective assistance of counsel. This Court then granted Respondent's Motion for Summary Judgment in August of 1998 and denied Petitioner's § 2254 Petition on the merits. In Petitioner's current § 2254 Petition he again alleges, as one of the grounds for relief, ineffective assistance of counsel. ECF No. 2, at 3. Therefore, the Court agrees with the Magistrate Judge that this current § 2254 Petition constitutes a successive petition which includes a repetitive claim—ineffective assistance of counsel—and thus pursuant to *Winestock* this Court does not have jurisdiction to consider *any claim* in the second petition without authorization from the Fourth Circuit.

Petitioner acknowledges that he has not obtained authorization from the Fourth Circuit and asks "*this Court* to grant [P]etitioner authorization of the Fourth Circuit …." *Objections*, at 1 (emphasis added). Petitioner is asking this Court to act beyond its authority. The rule is clear that only the Fourth Circuit may grant authorization, and Petitioner has acknowledged that authorization has not been given. Therefore, this Court does not have jurisdiction to entertain any of the claims in Petitioner's second § 2254 Petition, and Petitioner must seek authorization from the Fourth Circuit if he wishes for this Court to hear his second § 2254 Petition.

## IV. Conclusion

Accordingly, for the foregoing reasons, the Court **ADOPTS** the Proposed Findings and Recommendations of Magistrate Judge Aboulhosn, **DISMISSES** Petitioner's Petition Under 28

U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody for lack of jurisdiction, and removes this matter from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, counsel of record, and any unrepresented parties.

ENTER: November 9, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE